8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence BROADNAX; Frank Juan Rivera; Milos Klvana,
Plaintiffs-Appellants,
v.
MUNICIPAL COURT, COUNTY OF LOS ANGELES, in its official
capacity as a County Judicial Agency; Ira Reiner, District
Attorney, in his official capacity as District Attorney of
Los Angeles County; Wilbur F. Littlefield, Public Defender,
in his official capacity as the Public Defender of Los
Angeles County, Defendants-Appellees.
 No. 92-55619.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 7, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Broadnax, Frank Juan Rivera and Milos Klvana, California state prisoners, appeal pro se and in forma pauperis the district court's entry of summary judgment for the defendants in this 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Plaintiffs sought declaratory and injunctive relief for alleged violations of their constitutional rights while they were pretrial detainees at Los Angeles County Municipal Court. The district court denied plaintiffs' and defendants' cross-motions for summary judgment on January 9, 1991. On March 6, 1992, defendants renewed their summary judgment motion based on recently-obtained evidence. Plaintiffs did not challenge the motion on its merits, but argued instead that the court lacked jurisdiction to consider the renewed motion. The motion was granted.
 
 
 4
 On appeal, plaintiffs again fail to challenge the summary judgment on the merits, and rely solely on their jurisdictional argument. We review the district court's decision to consider the renewed motion for abuse of discretion. See Schneider v. TRW, Inc., 938 F.2d 986, 1002 & n. 9 (9th Cir.1991).
 
 
 5
 Plaintiffs contend the district court lacked jurisdiction to consider the renewed summary judgment motion because it was time barred by Federal Rule of Civil Procedure 60(b). Rule 60(b), which bars motions for relief from judgment filed more than one year after entry of a final judgment, is inapposite. No final judgment had been entered when defendants filed their renewed motion. Rather, defendants' motion was governed by Federal Rule of Civil Procedure 56(b), which provides that a defendant may bring a summary judgment motion "at any time."[1] Moreover, the court's denial of the defendants' earlier summary judgment motion was no bar to its consideration of the renewed motion. See Preaseau v. Prudential Ins. Co. of America, 591 F.2d 74, 79-80 (9th Cir.1979).
 
 
 6
 Plaintiffs also contend that their motion to disqualify the district court judge divested him of jurisdiction to make any further rulings in the case. It is only after a recusal motion is determined to have merit, however, that the judge must proceed no further in the case. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir.1978). Moreover, the judge against whom the recusal motion is brought retains jurisdiction to rule on it. Id. In these circumstances, the court did not abuse its discretion in ruling on both the recusal motion and the renewed summary judgment motion. See id.; Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987).
 
 
 7
 Plaintiffs also contend the district court erred by denying their motion for partial summary judgment. We review a denial of summary judgment de novo. United States v. $874,938 U.S. Currency, No. 92-56332, 1993 WL 286788, at * 1 (9th Cir. Aug. 3, 1993). "The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial." Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). As noted by the district court, the "facts" that plaintiffs claimed to be undisputed were actually legal arguments and, in any event, were controverted by defendants. The court was therefore correct in denying plaintiffs' partial summary judgment motion. See id.
 
 
 8
 Plaintiffs also challenge the district court's failure to rule on their motions for class certification, for appointment of counsel, and for a three-judge court.[2] It is within the district court's discretion to rule on a summary judgment motion without considering a class certification motion. Wright v. Schock, 742 F.2d 541, 544-45 (9th Cir.1984). Because the court found no genuine issues for trial, it was correct in not ruling on the class certification motion. See id.
 
 
 9
 We review for abuse of discretion the district court's denial of a motion for appointment of counsel under 28 U.S.C. § 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). A motion for appointment of counsel requires a showing of exceptional circumstances, such as a likelihood of success on the merits or inability to articulate one's claims. Id. Because the district court found that plaintiffs had failed to demonstrate the existence of a genuine issue of fact for trial, it implicitly found that plaintiffs had not demonstrated a likelihood of success on the merits. In these circumstances, the court did not abuse its discretion by not ruling on the motion. See id.
 
 
 10
 Plaintiffs contend the district court should not have referred their motion for a three-judge court to a magistrate judge, citing 28 U.S.C. § 2284.[3] That section, however, is inapposite. Moreover, plaintiffs rely on cases decided under 28 U.S.C. § 2281, which was repealed in 1976. Because plaintiffs cite no facts or law that would entitle them to a three-judge court, the district court did not abuse its discretion.
 
 
 11
 Finally, plaintiffs contend for the first time in their reply brief that the district court should have given them notice of the requirements of Rule 56. See Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988). We may consider the issue because defendants discussed it in their answering brief.[4] See Ellingson v. Burlington Northern, Inc., 653 F.2d 1327, 1332 (9th Cir.1981). Nevertheless, plaintiffs demonstrated their actual knowledge of the requirements of Rule 56 in their motion for partial summary judgment, and in their oppositions to defendants' two summary judgment motions. Moreover, plaintiffs reiterate in their reply brief that the merits of the summary judgment are not at issue in this appeal. In these circumstances, we find Klingele inapposite.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, defendants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiffs also contend that defendants' evidence was not recently discovered. Rule 56 does not require the evidence supporting a summary judgment motion to be recently discovered. See Fed.R.Civ.P. 56(e)
 
 
 [2]
 Plaintiffs' first motion for a three-judge court was denied by Magistrate Judge King on January 17, 1989. Their renewed request for a three-judge court was never ruled on
 
 
 [3]
 28 U.S.C. § 2284 provides that a three-judge court shall be convened "when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or ... of any statewide legislative body."
 
 
 [4]
 Plaintiffs' motion to strike portions of defendants' transcript, brief and excerpt of record is denied. Defendants' counsel is cautioned, however, to follow the federal and local rules on such matters