Lilian REETZ, Plaintiff,

v.

Hampton J. JACKSON, M.D.,
et al., Defendants.

Civ. A. No. 96–1541 PLF.

United States District Court,
District of Columbia.

Nov. 21, 1997.

Michael Harris Feldman, Ashcraft & Gerel, Washington, DC, for Plaintiff.

Mark D. Gately, Timothy L. Mullin, Jr., Miles & Stockbridge, Baltimore, MD, for Hampton J. Jackson.

Mary Margaret Hogans–Ott, Carr Goodson Lee & Warner, Washington, DC, for Metro. Washington Orthopaedic Assn.

Michel Ira Joseph, S. Allan Adelman, Godard West & Adelman, P.C., Rockville, MD, for Sharon L. Marselas, MD.

Thomas Michael Hogan, Godard West & Adelman, Fairfax, VA, for Greater Southeast Community Hospital.

MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on the motions for summary judgment filed by defendant Hampton J. Jackson, M.D. and defendant Greater Southeast Community Hospital and on plaintiff's oral motion for a voluntary dismissal of defendant Dr. Jackson from this case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] The Court grants plaintiff's motion to voluntarily dismiss defendant Dr. Jackson over the objection of defendant Greater Southeast Community Hospital and grants in part and denies in part Greater Southeast Community Hospital's motion for summary judgment.

This is a medical malpractice case in which plaintiff alleges, *inter alia,* that both Dr. Jackson and Greater Southeast Community Hospital were negligent in failing to adequately inform her about pedicle screws that were placed in her spine during back surgery performed in May 1993. Plaintiff claims that defendants should have informed her that the screws were considered experimental and that they were not approved by the FDA for use in the spine. Plaintiff also claims that defendant Greater Southeast Community Hospital was negligent in failing to establish proper protocols regarding the safe practice of experimental surgery on its premises, in failing to ensure that devices employed by physicians in the course of surgery were properly approved for such use by the FDA, and in failing to establish proper protocols for securing informed consent from patients about to undergo such surgery. She maintains that defendants' negligence ultimately caused her to suffer from increased back pain, lost work and lost wages.

1. The parties have stipulated that defendants Sharon Marselas, M.D. and The Metropolitan Washington Orthopaedic Association Chartered should be dismissed from this action, and the Court has approved the stipulations.

2. Rule 41(a)(2), Fed.R.Civ.P., provides that once a plaintiff moves for the voluntary dismissal of an action, a court can order the dismissal "upon such terms and conditions as the court deems proper." Some courts have interpreted the language of Rule 41(a), with respect to dismissal of "an action," to mean that a court may dismiss

A. *Plaintiff's Proposed Voluntary Dismissal of Dr. Jackson*

Plaintiff has moved, pursuant to Rule 41(a)(2), Fed.R.Civ.P., to voluntarily dismiss defendant Hampton J. Jackson, M.D. from this case. The only party who contests plaintiff's motion for a voluntary dismissal of Dr. Jackson is defendant Greater Southeast Community Hospital—the sole defendant that would remain in the case if the Court were to grant plaintiff's motion to dismiss.[2]

Our court of appeals has observed that "[voluntary] dismissals have generally been granted in the federal courts unless the defendant [that is being dismissed] would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Laboratories,* 793 F.2d 350, 353 (D.C.Cir.1986) (citing 9 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (2d ed.1995)). This case presents a slightly different scenario, however, because the only defendant who is claiming prejudice is the one who will *not* be dismissed. Under such circumstances, it is appropriate for the Court to determine whether the remaining defendant—in this case, Greater Southeast Community Hospital—"will be prejudiced by the dismissal when the plaintiff seeks the dismissal of less than 'all' [the defendants]." *Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc.,* 474 F.2d 250, 254 (5th Cir.1973).

Greater Southeast Community Hospital argues that Dr. Jackson should remain a defendant in the name of judicial economy: If the Hospital loses, it says it will bring a separate action for indemnity or contribution against Dr. Jackson, which would supposedly involve a duplication of the evidence presented during the trial involving the Hospital.

only entire actions and not just certain parties from a case. *See Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105, 108 (2d Cir.1953). "The sounder view and the weight of judicial authority" is to the contrary. 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (2d ed.1995); *see Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc.,* 474 F.2d 250, 254–55 (5th Cir.1973); *Young v. Wilky Carrier Corp.,* 150 F.2d 764, 764 (3d Cir. 1945).

The Court is not persuaded either that the Hospital will suffer prejudice or that judicial economy will be served by requiring Dr. Jackson to remain as a defendant in the pending case. Dr. Jackson will still be available to testify as a witness in this case. If Greater Southeast Community Hospital loses at trial, it may or may not decide to sue Dr. Jackson; it has, after all, filed no cross–claim against him here. Greater Southeast Community Hospital will suffer no prejudice from facing plaintiff alone before a jury and deciding later whether to initiate suit against Dr. Jackson. "While the parameters of 'legal prejudice' are not absolutely clear, it is nevertheless certain that the term in this context means 'something other than the necessity that defendant might face of defending [or bringing] another action.'" *Conafay v. Wyeth Laboratories*, 841 F.2d 417, 419 (D.C.Cir.1988).

### B. *Defendant's Motion for Summary Judgment: Informed Consent*

During her deposition on April 14, 1997, plaintiff was asked the following question:

If Dr. Jackson had informed you that as part of the procedure he was going to perform on your back, he was going to use screws or plates, that while they had not been approved by the FDA, in his judgment and his opinion, they were something that would provide you with the relief you were looking for, would you have gone ahead and had the procedure?

Deposition of Lilian Reetz at 143–44. Plaintiff responded: "Yes. I would have went ahead I guess." *Id.* at 144.

In response to the Hospital's argument that this testimony concedes the crucial genuine issue of material fact and thus defeats all of plaintiff's claims, plaintiff has filed an affidavit that attempts to "clarify" her damning testimony. *See* Pl.'s Opp'n, Ex. A, Affidavit of Lilian Reetz. Her affidavit, dated August 8, 1997, states in part, "When I gave my deposition earlier in this action . . . I did not at that time, nor do I presently know what the FDA is or what it does." *Id.* The Court will lend no credence to this part of plaintiff's self-serving affidavit. Plaintiff cannot create or resurrect a genuine issue of

fact and thereby defeat summary judgment by the simple expedient of filing an affidavit that contradicts previous sworn testimony.

"Courts have long held that a party may not create a material issue of fact simply by contradicting [her] prior sworn testimony. . . . '[T]he objectives of summary judgment would be seriously impaired if the district court were not free to disregard [the later statement].'" *Pyramid Securities Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1123 (D.C.Cir.1991) (quoting *Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 706 (3d Cir.1988)); *see Gagne v. Northwestern Nat. Ins. Co.*, 881 F.2d 309, 315 (6th Cir.1989). "If a party who has been examined at length in deposition could raise an issue of fact simply by submitting an affidavit contradicting [her] own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Perma Research and Development Co. v. Singer Co.* 410 F.2d 572, 578 (2d Cir.1969). "[A] party's affidavit which contradicts [her] own prior deposition testimony should be disregarded on a motion for summary judgment." *Mack v. United States*, 814 F.2d 120, 124 (2d Cir.1987); *see Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986); *Kalekiristos v. CTF Hotel Management Corp.*, 958 F.Supp. 641, 669 (D.D.C. 1997).

Plaintiff was deposed by counsel for all defendants, and plaintiff's counsel had more than one chance to correct any confusion plaintiff may have suffered. Although plaintiff's counsel had every opportunity to clarify plaintiff's testimony regarding FDA approval both during the deposition and within thirty days thereafter, *see* Rule 30(e), Fed.R.Civ.P., he made no attempt to do so. Furthermore, despite plaintiff's allegations to the contrary, her affidavit does not "clarify" confusing testimony; her deposition testimony with regard to this particular point, although damaging to her case, was quite clear: she would have gone ahead with the surgery even if she had known the pedicle screws had not been approved by the FDA. "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot

thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.,* 736 F.2d 656, 657 (11th Cir. 1984). The Court finds no reason to allow plaintiff to effectively erase from the record her sworn deposition testimony with a later-filed affidavit submitted nearly four months after her deposition was taken.

Statements in later-filed affidavits or declarations, often prepared by lawyers, are at the very least less reliable than deposition testimony developed through the crucible of cross-examination and a fuller exploration of issues. "If testimony under oath ... can be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment. A party should not be allowed to create issues of credibility by contradicting [her] own earlier testimony." *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1365–66 (8th Cir. 1983); *see Rios v. Bigler,* 67 F.3d 1543, 1551–52 (10th Cir.1995). That is particularly true in a situation like that presented here, where the obvious purpose of the affidavit is to eradicate harmful testimony and thus defeat summary judgment.

As for plaintiff's assertion in her affidavit that she does not know anything about the FDA or what it does, it simply is not credible. The acronym FDA is sprinkled throughout her complaint. *See* Complaint ¶¶ 21, 22, 23, 24, 48. Plaintiff also referred to the FDA in her answers to interrogatories that she personally signed under oath on December 9, 1996, more than four months before her deposition. *See* Pl.'s Answers to Interrogatories of Def. Jackson Nos. 3, 5, Def. Jackson's Mot. for Summary Judgment, Ex. B. Finally, plaintiff herself referred to the FDA on at least one occasion during her deposition testimony. *See* Deposition of Lilian Reetz at 135 (April 14, 1997). She cannot say now that she has no idea what the FDA

is. The Court will disregard the part of plaintiff's affidavit which states that plaintiff does not know and has never known what the FDA is or does.

■ Without her self-serving affidavit available to defeat summary judgment, plaintiff's damaging deposition testimony remains, and it is thus an undisputed fact that she would have gone ahead with the back surgery even if her doctor had told her that the instruments he was going to place in her spine were not approved by the FDA for that particular use. It follows that plaintiff cannot successfully prove a causal connection between defendant's failure to disclose material information and her decision to go through with the surgery. *See Canterbury v. Spence,* 464 F.2d 772, 790 (D.C.Cir.1972). The Court therefore will enter summary judgment for the Hospital with respect to that part of plaintiff's complaint in which she claims that the Hospital should have informed her that the pedicle screws that were going to be used during her back surgery were not FDA-approved for use in the spine.

That conclusion does not dispose of the entirety of plaintiff's case, however. Plaintiff has made additional claims against Greater Southeast Community Hospital, which she has not conceded. *See Flannery v. President and Directors of Georgetown College,* 679 F.2d 960, 962 (D.C.Cir.1982). For example, plaintiff claims that defendant failed to inform her of the experimental nature of the pedicle screws. Neither in her complaint nor in her deposition testimony does plaintiff ever equate the notion of "FDA approval" with the "experimental nature" of the screws placed in her spine. She did not concede in her deposition testimony the basis for her separate claim that the Hospital had a duty to inform her of the experimental nature of the pedicle screws, a matter that undoubtedly will be addressed by competing expert testimony at trial.[3] The Hospital's motion

**3.** In Count Four, plaintiff claims that the Hospital is liable for the negligent acts of its doctors under the doctrine of *respondeat superior.* In Count Five, plaintiff claims that the Hospital was directly liable for its own acts of negligence, which include the following: (1) failing to ensure that the Hospital had adequate protocols for the

safe practice of surgery; (2) failing to institute adequate protocols to secure fully informed consent of patients regarding experimental surgery or surgery incorporating experimental techniques, applications or devices; and (3) failing to institute adequate protocols for ensuring that patients were not injured during the course of or as

for summary judgment therefore will be granted in part and denied in part. An Order and Judgment consistent with this Opinion shall be issued this same day.

SO ORDERED.

## ORDER AND JUDGMENT

Upon consideration of plaintiff's oral motion to voluntarily dismiss defendant Hampton J. Jackson, M.D., the motion for summary judgment filed by defendant Greater Southeast Community Hospital, all of the papers filed by the parties with respect to these motions and the arguments presented by counsel in open Court, it is hereby

ORDERED that plaintiff's oral motion to voluntarily dismiss defendant Hampton J. Jackson, M.D., pursuant to Rule 41(a)(2), Fed.R.Civ.P., is GRANTED; it is

FURTHER ORDERED that Hampton J. Jackson, M.D. is DISMISSED from this case; it is

FURTHER ORDERED that the Motion for Summary Judgment filed by defendant Greater Southeast Community Hospital is GRANTED IN PART and DENIED IN PART; it is

FURTHER ORDERED that JUDGMENT be entered for defendant Greater Southeast Community Hospital with respect to plaintiff's claim that it should have informed her that the pedicle screws used during her back surgery were not approved by the FDA for use in the spine.

SO ORDERED.

a result of surgery. Complaint at ¶¶ 43–44, 48–49.