20 F.Supp.2d 94 (1998)
Paul P. PAQUIN, Plaintiff,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Defendant.
No. CIV. A. 94-1261 SSH.
United States District Court, District of Columbia.
October 2, 1998.
Christopher G. Makaronis, Bell, Boyd & Lloyd, Washington, DC, for Plaintiff.
Steven G. Reade, Kenneth I. Juster, Arnold & Porter, Washington, DC, for Defendant.

*95 OPINION

STANLEY S. HARRIS, District Judge.
This matter is before the Court for the third time since being remanded from the Court of Appeals on defendant's motion for summary judgment, plaintiff's opposition thereto, and defendant's reply. Upon consideration of the entire record and the arguments of the parties, the Court concludes that defendant is entitled to summary judgment on plaintiff's remaining retaliation claim. In accordance with Federal Rule of Civil Procedure 58, an appropriate Judgment accompanies this Opinion.
Plaintiff was notified that he was to be terminated from his employment as a senior vice president in defendant's Investor Relations Department on February 14, 1994. He remained on the payroll, however, while the parties discussed a severance package. Plaintiff filed a complaint claiming age discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 17, 1994. On that same date, defendant notified plaintiff that he was being removed from the payroll. The claim remaining in the instant action (after four years of litigation) alleges that plaintiff's ultimate removal from the payroll constituted an adverse action in retaliation for his EEOC complaint.
Summary judgment may be granted only if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff' to defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
In evaluating defendant's latest motion for summary judgment, the Court applies the familiar framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the first step of McDonnell Douglas, plaintiff must establish a prima facie case of retaliation. See Paquin v. Federal Nat'l Mort. Ass'n, 119 F.3d 23, 26 (D.C.Cir.1997) (citing McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817) (hereinafter "Paquin I"). If plaintiff establishes a prima facie case, the burden shifts to defendant to articulate a legitimate, non-retaliatory reason for its adverse employment action. See id. at 26 (citing McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817). If defendant does so, then the presumption that defendant retaliated against plaintiff "simply drops out of the picture," St Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), and plaintiff must produce evidence suggesting that defendant's proffered reason is but a pretext for retaliation to survive a motion for summary judgment. See Paquin I, 119 F.3d at 26-27 (citing McDonnell Douglas, 411 U.S. at 804, 93 S.Ct. 1817).
The Court has previously determined that plaintiff has proffered sufficient evidence to establish a prima facie case of retaliatory dismissal, see Mem. Or. of Aug. 11, 1998, at 3-4, and nothing in defendant's most recent motion calls that conclusion into doubt. Accordingly, defendant was obligated to proffer a legitimate, non-retaliatory reason for its removal of plaintiff from the payroll. Defendant has done so, claiming that it removed plaintiff from the payroll because he failed to accept a severance offer by a deadline of March 16, 1994.
Thus, the presumption that defendant retaliated against plaintiff "simply drops out of the picture," St. Mary's Honor, 509 U.S. at 511, 113 S.Ct. 2742, and plaintiff must come forward with evidence that defendant's proffered reason is pretextual. To meet this burden, plaintiff previously has contended that no deadline existed. In its most recent motion for summary judgment, however, defendant for the first time points the Court to testimony in plaintiff's deposition which directly contradicts this contention. Accordingly, *96 defendant contends that plaintiff has not proffered evidence from which a reasonable jury could conclude that defendant's stated reason for removing plaintiff from the payroll was pretextual, and that it is entitled to summary judgment.
As an initial matter, the Court rejects plaintiff's contention that the prior proceedings before the Court of Appeals, or this Court's rejection of defendant's previous motions for summary judgment, bars defendant from submitting its renewed motion for summary judgment. Federal Rule of Civil Procedure 56(b) provides that a motion for summary judgment may be made "at any time." See also Broadnax v. Municipal Court, 8 F.3d 25 (9th Cir.1993) (table case, text at 1993 WL 402947, *1) ("[T]he [district] court's denial of the defendants' earlier summary judgment motion was no bar to its consideration of the renewed motion."); Laningham v. United States Navy, 813 F.2d 1236, 1240 (D.C.Cir.1987) ("Nothing in Rule 56 requires that all possible grounds for summary judgment be asserted simultaneously."). Moreover, denial of a motion for summary judgment does not constitute the "law of the case" because it "does not purport to decide the [factual] question[, i]t merely denies the motion because, in the court's then view, there were `issuable facts.' Such a denial merely postpones decision of any question; it decides none." Dessar v. Bank of Amer. Nat'l Trust and Savings Ass'n, 353 F.2d 468, 470 (9th Cir.1965).
Plaintiff next contends that his deposition testimony is not an "unambiguous admission" of the existence of a March 16, 1994, deadline for his acceptance or rejection of the severance package. The Court disagrees. The relevant portion of plaintiffs deposition reads as follows:
Q: Do you recall being told that you had until March 16th, 1994 to decide whether or not to sign the proposed separation agreement?
A: I'm not exactly sure what that date was.
Q: There was a deadline; wasn't there?
A: Yes, there was.
Q: I'll show you a document that may refresh you on that....
Q: Have you  do you remember receiving this letter from Doug Bibby?
A: Yes....
Q: Does this refresh your recollection that you had been given until the close of business March 16th, 1994 to accept or reject the separation proposal that had been offered to you? ...
A: That's what the letter says....
Q: Do you recall that now?
A: I seem to recall this letter.
Q: And do you recall that that was the date by which you had to accept or reject?
A: I won't disagree with that.
Paquin Dep. at 407:14  409:2. Although plaintiff's acknowledgment of the March 16 deadline might have been more definitive, the Court concludes that it was sufficient to constitute a clear admission to that effect. Cf. Reetz v. Jackson, 176 F.R.D. 412, 414-15 (D.D.C.1997) (holding that plaintiff's response of "Yes, ... I guess" to a question was not ambiguous).
The Court also rejects plaintiff's attempts to re-create a genuine issue by submitting a new affidavit in which he attests that "when I stated `I won't disagree with that,' I meant that I did not have the knowledge to refute any particular date of any deadline. While I had personal knowledge to admit that a deadline of March 8th existed at one time, I lacked the knowledge to confirm or deny the alleged date of March 16, 1994." Paquin Aff. ¶ 4. This new statement is in direct conflict with his deposition testimony. "Courts have long held that a party may not create a material issue of fact simply by contradicting its prior sworn testimony.... `[T]he objectives of summary judgment would be seriously impaired if the district court were not free to disregard [the later testimony].'" Pyramid Securities Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123 (D.C.Cir.) (quoting Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 (3rd Cir.1989), cert. denied, 502 U.S. 822, 112 S.Ct. 85, 116 L.Ed.2d 57 *97 (1991)). Although courts have recognized an exception to this rule when "the shifting party can offer persuasive reasons for believing the supposed correction," id., plaintiff in this case has not persuaded the Court that he was confused when the question was originally asked and answered. Accordingly, the Court is unpersuaded by plaintiff's newly-submitted affidavit.[1]
Finally, plaintiff attempts to meet his burden to offer evidence suggesting pretext by pointing to allegedly inconsistent positions taken by defendant on the reason for plaintiff's discharge; plaintiff notes that the letter notifying him of his being removed from the payroll states that the action was taken because he had rejected the settlement offer, but the legitimate, non-retaliatory reason which defendant has presented to the Court is that the deadline simply passed without plaintiff's accepting the separation agreement. Although plaintiff's observations as to the evidence in the record and the reason given by defendant are correct, this minor discrepancy, standing alone, is not sufficient to suggest that the reason given by defendant for plaintiff's removal from the payroll is a mere pretext for retaliation. See Anderson, 477 U.S. at 252, 106 S.Ct. 2505; Pyramid Securities, 924 F.2d at 1116 ("[A] mere scintilla [of evidence] in [plaintiff's] favor is not enough to defeat [a] motion [for summary judgment].").[2] Accordingly, because plaintiff has failed to proffer evidence from which a reasonable jury could infer that defendant's proffered reason for removing him from the payroll  plaintiff's failure to accept a severance offer by a deadline of March 16, 1994  was a mere pretext for retaliation, the Court grants defendant's motion for summary judgment on plaintiff's remaining retaliation claim.

JUDGMENT
For the reasons stated in the accompanying Opinion, it hereby is
ORDERED, that defendant's motion for summary judgment is granted. It hereby further is
ORDERED, that final judgment is entered in favor of defendant.
SO ORDERED.
NOTES
[1] Plaintiff also contends that a genuine issue of material fact exists as to the existence of a deadline because his attorney, Christopher G. Mackaronis, attested that he "was never presented with a deadline of March 16, 1994 by which to respond to [defendant] regarding any proposed separation agreement." Mackaronis Aff. ¶ 5. Mackaronis's statement that he was unaware of a deadline is, however, irrelevant in light of plaintiff's admission (albeit reluctant) that he knew that a deadline of March 16 existed.
[2] Plaintiff's reference to the possibility that defendant knew of his EEOC complaint when it removed him from the payroll is equally fruitless; that fact is relevant to plaintiff's prima facie case (which the Court noted that plaintiff had presented), but not to the question of pretext. See Mem. Or. of Aug. 11, 1998, at 4-5.