**Opal FREDERICK, Plaintiff,[1]**

v.

**TPG HOSPITALITY, INC., et al., Defendants.**

**Civil Action No. 96–2310(PLF).**

United States District Court, District of Columbia.

July 14, 1999.

---

1. On June 4, 1999, counsel for plaintiff Opal Frederick filed a suggestion of death regarding plaintiff John C. Frederick under Rule 25(a)(1) of the Federal Rules of Civil Procedure, and a motion to substitute her as the named party. By separate Order, the Court has granted Mrs. Frederick's motion. In the interests of clarity, however, references in this Opinion to the claims of Mr. John Frederick are those claims that Mr. Frederick was asserting prior to his death and references to the claims of Mrs. Opal Frederick are those claims that Mrs. Frederick is asserting on behalf of herself.

John Fitzgerald Kennedy, Kennedy & Dolan, Silver spring, MD, Peter S. Everett, Blankington & Keith, P.C., Fairfax, VA, for plaintiffs.

Gary Brooks Mims, Brault, Palmer, Grove, Simmerman, White & Mims, Fairfax, VA, for TPG Hospitality, Inc.

Dwight D. Murray, Jordan, Coyne & Savits, Washington, DC, Robert William Hesselbacher, Jr., Semmes, Bowen & Semmes, Baltimore, MD, for Choice Hotels International, Inc.

David Drake Hudgins, Hidgins Law Firm, P.C., Alexandria, VA, for Intersec, Inc.

Meredith Manning, U.S. Attorney's Office, Washington, DC, Dina L. Biblin, Federal Deposit Insurance Corp., Legal Division, Washington, DC, for United States of America.

Gregory Albert Krauss, Carr Goodson Warner, Washington, DC, for The Aetna Casualty and Surety Co.

*MEMORANDUM OPINION*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on the motion of Intersec, Inc. for summary judgment, Intersec's motion to suppress the amended deposition testimony of plaintiff Mrs. Opal Frederick and Dr. James Arnett, Intersec's motion to exclude the proposed expert testimony of Mr. Norman Bates, and plaintiffs' motion to strike the affidavit of Mr. Henry Gilmore. The Court has been advised that these motions and the claims against Intersec are all that remain of the case because the other parties have reached a complete settlement. For the reasons that follow, the Court grants Intersec's motion for summary judgment and denies all other motions as moot.

## I. FACTS

On October 21, 1994, Mr. John Frederick and his wife Opal were visiting Washington D.C., and they and Mrs. Frederick's daughter checked into the EconoLodge on New York Avenue for the night. In the very early morning hours of October 22, 1994, Mr. Frederick passed through the lobby on his way out to the garage to put a bag in his car. He spoke with the security guard on duty, Mr. Henry Gilmore, who was sitting in the lobby. Mr. Frederick then proceeded outside to the garage. When he got to his car, there was a light shining from underneath the car, and when he bent down to look under the car he was struck in the face and robbed. Mr. Frederick suffered massive facial trauma from the attack and recently has passed away.

At the time Mr. Frederick was attacked, Choice Hotels was the franchisor for the hotel and the FDIC was the receiver for the hotel (as receiver for Madison Guarantee). TPG Hospitality Services, Inc. had a contract with the FDIC to manage the hotel. Intersec was under contract with TPG to provide security services for the hotel. Mr. Frederick filed a series of

amended complaints to include all of these defendants. The FDIC and Choice Hotels both have been voluntarily dismissed. TPG contends that its liability is covered by Aetna Insurance, and it filed a third party complaint against Aetna. As noted, a complete settlement has been reached involving all remaining parties except Intersec.

Plaintiffs have provided evidence that two elderly patrons of the EconoLodge were attacked in the EconoLodge garage approximately six months before Mr. Frederick was attacked. *See* Pl's Statement of Mat'l Facts at ¶ 11. Plaintiffs contend that the EconoLodge is located in a high crime area and that a number of other attacks had taken place in the vicinity in the months prior to the attack on Mr. Frederick. *Id.* Finally, it is established that the guards worked long shifts at the hotel; on the morning Mr. Frederick was attacked, Mr. Gilmore was nearing the end of a fourteen hour shift. *See* Pls' Opp., Exh. 13 (Gilmore Log).

## II. DISCUSSION

There are three counts of the complaint that relate to Intersec. In Count 1, plaintiffs allege that Intersec and TPG assumed a duty to provide security at the EconoLodge and to protect hotel guests by posting security guards and installing surveillance cameras. Plaintiffs allege that Intersec and TPG breached that duty by "negligently, carelessly, and recklessly providing grossly inadequate security." Complaint at ¶ 16.[2] In Count 4, plaintiffs allege that Intersec had a duty to "exercise reasonable care to protect invitees and to warn hotel guests of the risk of crime at the hotel." *Id.* at ¶ 39. Plaintiffs allege that Intersec breached that duty by "recklessly and negligently failing to provide adequate security services to protect invitees from attack." *Id.* at ¶ 40. Finally, Count 5 is a breach of contract claim. Plaintiffs allege that the contract between Intersec and TPG for the provi-

sion of security services was "clearly intended" to benefit hotel guests and that Mr. Frederick can bring suit as a third party beneficiary of that contract. *Id.* at ¶ 46. Plaintiffs allege that Intersec breached the contract by failing to provide adequate security services.

In Counts 1 and 4, plaintiffs allege that because of the negligent actions by Intersec, Mrs. Frederick suffered emotional distress and loss of consortium. Plaintiffs have conceded that Mrs. Frederick cannot recover for negligent infliction of emotional distress, and they therefore have withdrawn her negligent infliction claims. *See* Pl's Opp. at 45. Mrs. Fredericks' only claims therefore are for loss of consortium. On these motions at least, these claims rise or fall with Mr. Frederick's claims.

### A. Negligence Claims

Plaintiffs have two separate negligence claims. The two claims advance slightly different legal theories with respect to why Intersec allegedly had a duty to provide security services to the guests of the EconoLodge, but the Court concludes that they are essentially the same negligence claim and will treat them together. The only issue is whether plaintiffs have sufficiently shown a duty, a breach of duty and proximate cause. Under recognized negligence principles, plaintiffs must establish (1) that defendant had a duty to plaintiffs; (2) that the defendant breached that duty; and (3) that the breach of the duty was the proximate cause of injury to plaintiffs. *See, e.g., Haynesworth v. D.H. Stevens Co.,* 645 A.2d 1095, 1097–98 (D.C.1994). If Intersec was negligent under any theory, plaintiffs can recover. Because plaintiffs have failed to establish that Intersec owed a duty to hotel guests to provide security services, the negligence claims will be dismissed.

Plaintiffs' fundamental theory is that TPG had a duty to protect the hotel guests and that Intersec assumed that duty from TPG by entering into a contract with TPG

2. All references are to the First Amended Complaint.

to provide security services for the hotel.[3] This Court has already concluded under District of Columbia law that a hotel owner has a duty to provide adequate security to protect its guests from foreseeable risks. *See Frederick v. TPG Hospitality, Inc.,* Civil No. 96–2310, Memorandum Opinion of December 12, 1997 at 5 (*citing Hooks v. Washington Sheraton Corp.,* 578 F.2d 313, 315 (D.C.Cir.1977); *Kline v. 1500 Massachusetts Avenue Apt. Corp.,* 439 F.2d 477, 482 (D.C.Cir.1970)). TPG assumed the hotel's duty to provide security when it entered into a contract to operate and manage the EconoLodge. The issue is whether the duty assumed by TPG extends to Intersec as the security subcontractor and, if so, whether Intersec owed a duty solely to TPG or whether it also owed a duty to hotel guests.

In the Court's view, the "duty" owed by Intersec to TPG turns entirely on the terms of the contract between EconoLodge and Intersec. The contract between EconoLodge and Intersec, dated December 13, 1993, states only that Intersec will provide security officers at a specified rate per hour, with a higher rate for holidays, and that EconoLodge will pay all bills within ten days. Def's Reply to Pls' Supp. Memorandum, Exh. A (Contract Between TPG and Intersec). The contract says nothing about exactly what the security officers are required to do other than, by implication, to provide security services. The contract, entitled "Security Service Authorization," is by its terms "the entire agreement between the parties." *Id.*

■ The undisputed facts are that TPG—not Intersec—decided how many security guards it wanted at any given time, and that TPG—not Intersec—instructed the security guards on what specific duties to perform, including what areas to patrol and what routes to take. Def. Intersec's Statement of Material Facts, ¶¶ 7, 8. The contract between EconoLodge and Intersec did not require Intersec to advise the hotel or TPG as to how to use the security guards, how to deploy them or the level of security required at the hotel. *Id.* at ¶¶ 9, 10.[4] In fact, there was nothing in writing that memorialized Intersec's or the security guards' responsibilities and duties; TPG management instructed them orally as to what they should do. *Id.* at ¶¶ 12, 13. While TPG required the guards to patrol the parking lots and hotel floors on an hourly basis, there was no set schedule. *Id.* at ¶ 14.

■ In sum, TPG had a duty to provide security to its guests under the common law, but Intersec did nothing to assume that duty. Under the contract, Intersec's only obligation was to TPG, and it was to provide security guards who would act pursuant to any oral instructions that may have been given by TPG; the contract said nothing about a duty owed by Intersec to the hotel's guests. In the absence of a showing that Intersec assumed any duty to

---

**3.** Plaintiffs identify several other theories under which they maintain that Intersec assumed a duty to act with due care, including (1) an argument that the attack on Mr. Frederick was foreseeable and therefore gave rise to a duty to protect; and (2) an argument that Section 383 of the Restatement of Torts (Second), which imposes liability on one who carries on activities on land on behalf of the owner of the land, gave rise to a duty on the part of Intersec. *See* Pls' Opp. at 16–18.

**4.** Plaintiffs contend that Intersec had a duty to conduct a security or crime risk survey and to advise TPG to provide additional precautionary measures. The contract makes no mention of any such duty, and plaintiffs base their argument entirely on an affidavit of Mr. Norman Bates that is in conflict with Mr. Bates' own testimony at his deposition that Intersec owed the general public no duty to conduct a security survey. *Compare* Def's Mot. to Exclude Testimony of Mr. Bates, Exh. A (Deposition of Mr. Bates) at 59 *with* Pls' Opp. to Intersec's Mot'n to Exclude Proposed Testimony of Norman Bates, Exh. 8 (affidavit of Mr. Norman Bates) at ¶ 22–24. To the extent that the deposition testimony is inconsistent with the later-filed affidavit, the deposition testimony controls. *See Reetz v. Jackson,* 176 F.R.D. 412, 414–15 (D.D.C.1997).

guests of the hotel, plaintiffs have failed to establish a tort claim against Intersec. *See Caldwell v. Bechtel, Inc.*, 631 F.2d 989, 997 (D.C.Cir.1980).[5]

The Court is not persuaded that either *Long v. District of Columbia*, 820 F.2d 409 (D.C.Cir.1987), or *Caldwell v. Bechtel, Inc.*, 631 F.2d at 989, requires any different result. While those cases stand for the proposition that a contractor *may* assume the responsibilities for safety and security owed to members of the public by entering into a contract with one who owes that duty, they do not support plaintiffs' argument that a contractor *always* assumes such a duty or that Intersec assumed such a duty when it entered into the contract with TPG in this case. In *Caldwell*, for example, the contractor was under contract to provide "safety engineering services," including "overseeing the enforcement of safety provisions in relevant safety codes, and inspecting job sites for violations." *See Caldwell v. Bechtel, Inc.*, 631 F.2d at 992–93. It was because the contractor had assumed those broad contractual obligations that the court found it also had assumed "a duty [to plaintiff] in tort." *See id.* at 997. The contract at issue in this case, by contrast, includes no such obligations; in fact, it provides only that Intersec will supply a security guard on the premises. *See* Def's Reply to Pls' Supp. Memorandum, Exh. A (Contract Between TPG and Intersec). Intersec assumed no obligation in tort to plaintiffs.

Nor does Section 324A of the Restatement of Torts support plaintiffs' position.

Under the Restatement, a contractor may be liable to a third party if it has undertaken to perform a duty owed by the other to the third party, but Intersec never undertook such a duty. Intersec therefore is not liable in tort to plaintiffs.[6]

## B. Breach of Contract Claim

 While it is not entirely clear from plaintiffs' opposition whether they intended to plead a free-standing breach of contract claim or whether they simply were using the contract to establish a duty on the part of Intersec for purposes of tort liability, *see* Pls' Opp. at 11–15, the Court will assume for purposes of this Opinion that plaintiffs intended to plead a breach of contract claim as alleged third party beneficiaries of the contract.[7] Since plaintiffs were not parties to the contract, they may sue to enforce its provisions only if the contracting parties *intended* them to benefit directly thereunder. *See Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.*, 886 F.Supp. 874, 879 (D.D.C.1995); *Fields v. Tillerson*, 726 A.2d 670, 672 (D.C.1999). Even a cursory review of the contract establishes that plaintiffs are not intended third party beneficiaries. As discussed *supra* at 79, the contract provides only that Intersec will provide security officers to TPG at a specified rate per hour. There is no indication that Intersec was contracting to guarantee the safety of hotel guests or was undertaking any obligation to protect the hotel guests. Plaintiffs therefore have failed to establish that they were intended third party beneficiaries of the contract.

5. TPG apparently has concluded that it is not entitled to anything from Intersec under a contract theory—a reasonable conclusion in the Court's view given the terms of the contract described above—or under any other theory.

6. Section 324A of the Restatement of Torts (Second) provides, in relevant part:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third

person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, *if*

> \* \* \* \* \* \*
>
> (b) he has undertaken to perform a duty owed by the other to the third person . . .

(emphasis added).

7. To the extent plaintiffs are using the contract more to establish Intersec's duty under general tort principles, the Court already has concluded that the contract defines Intersec's obligations to TPG and that it has met them.

### C. Ancillary Matters

A number of procedural motions also have been filed. Intersec has filed a motion to suppress the amended deposition testimony of plaintiff Mrs. Opal Frederick and Dr. James Arnett and a motion to exclude the proposed expert testimony of Mr. Norman Bates, and plaintiffs have filed a motion to strike the affidavit of Mr. Henry Gilmore. Except to the extent that the Court has determined that the deposition testimony of Mr. Norman Bates takes priority over any inconsistent testimony in his later-filed affidavit, *see supra* at 79 n. 4, the testimony at issue in the procedural motions has had no effect on the Court's analysis with respect to Intersec's motion for summary judgment. The procedural motions therefore will be denied as moot. An Order consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.

### ORDER

For the reasons stated in the Memorandum Opinion issued this same day, it is hereby

ORDERED that the motion of defendant Intersec Inc. for summary judgment is GRANTED; it is

FURTHER ORDERED that defendant Intersec, Inc is DISMISSED from this case; it is

FURTHER ORDERED that the motion of defendant Intersec Inc. to suppress the amended deposition testimony of plaintiff Mrs. Opal Frederick and Dr. James Arnett is DENIED as moot; it is

FURTHER ORDERED that the motion of defendant Intersec Inc. to exclude the proposed expert testimony of Mr. Norman Bates is DENIED as moot; it is

1. Jane E. Henney, M.D., Commissioner of the FDA, is automatically substituted for former Acting Commissioner Michael Friedman, pur-

FURTHER ORDERED that plaintiffs' motion to strike the affidavit of Mr. Henry Gilmore is DENIED as moot.

SO ORDERED.