890 So.2d 522 (2005)
Denise ROBERT-BLIER and Pierre Blier, Appellants,
v.
STATEWIDE ENTERPRISES, INC., a Florida corporation, Appellee.
No. 4D03-4932.
District Court of Appeal of Florida, Fourth District.
January 5, 2005.
*523 Joel S. Perwin of Joel S. Perwin, P.A., Miami, and Aronovitz & Associates, P.A., Miami, for appellants.
Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellee.
FARMER, C.J.
In broad terms the issue raised here is whether a security company hired by a condominium association can be held liable to a third party visiting the premises for injuries caused by an assailant. More specifically, however, the real question is whether an independent contractor hired by the owner of premises to provide some  but not full  security services can be liable to the victim for failing to do more than it contracted to do. We decide in favor of the contractor.
Under the terms of the oral agreement with the association, the contractor agreed to provide one unarmed guard to patrol the community of several buildings and adjoining parking areas, to escort residents to their homes upon request, and to observe and report suspicious incidents. No other services were expected or intended by this agreement. A visitor in the parking lot of one of the community's buildings was forced into her car, driven off the premises, and raped. She and her husband sued the contractor for failing to provide more security than the association hired it to give. Plaintiffs also sued the association. That claim was settled before trial.
It is not disputed that the association owed a duty to visitors to protect or warn them of known dangers in the common areas. The contractor was engaged to provide only very limited services, however, the nature of which can only with imagination be thought of as security services. Perhaps it is more accurate to say that the association contracted only for the appearance of security.
With not a little hyperbole, the contractor asserted that it did not owe any duty in tort to plaintiffs. More narrowly, however, it also insisted that it could not be liable to plaintiffs for this tort. We agree with this more limited assertion.
A threshold issue in negligence is whether defendant owed any duty to the plaintiff. Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003). It is a question of law whether any duty in tort exists. McCain v. Fla. Power Corp., 593 So.2d 500 (Fla.1992). A duty may arise from the general facts of a case when one undertakes to provide a service to others and "thereby assumes a duty to act carefully and not to put others at an undue risk of harm." Clay Elec., 873 So.2d at 1186; Restatement (Second) of Torts § 324A (1965).
There is no evidence that the contractor ever undertook by any affirmative act to assume the association's duty to protect its residents or its guests. Indeed the evidence is unrefuted that the contractor steadfastly performed only the quite limited duty it agreed to perform and no more. It is thus accurate to say that by its agreement as well as its actions the contractor *524 assumed only the duty to supply a single employee to drive around the condominium complex, occasionally parking by the entrance gate, and to advise the association of certain events.
The duty assumed by the contractor in this case is very much like the duties assumed in the following cases. In Frederick v. TPG Hospitality, Inc. 56 F.Supp.2d 76 (D.C.1999), the court granted a security contractor's motion for summary judgment because it had agreed to no contractual duty to invitees. Similarly, in Cassell v. Collins, 344 N.C. 160, 472 S.E.2d 770 (1996), on strikingly similar facts the court held that the security company's "mere act of providing a security guard" did not impose any duty to protect the guests of the tenants from criminal assault. See also Potharaju v. Jaising Maritime, Ltd., 193 F.Supp.2d 913 (E.D.Tex.2002) (security company for docking facility did not create duty to keep premises safe for invitees; contract provided security measures were undertaken solely for benefit of facility owner).
Because plaintiffs adduced no evidence that the contractor assumed the association's broad, general duty to protect invitees and visitors from known risks of harm, the trial court erred in denying the contractor's motion for a directed verdict at the close of the evidence. The case was therefore mistakenly submitted to the jury. On that account, we do not address the issues regarding the misconduct committed in the presence of the jurors as they returned from lunch during a break in their deliberations, as well as the issues of the form of the verdict and causation.
AFFIRMED.
STONE and TAYLOR, JJ., concur.